**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| TANIKA FONTANEZ, JARMIL THARPE, and KAAMIL JENKINS, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 09-40203-FDS |
| v. | ) ) | |
| CITY OF WORCESTER, GARY J. GEMME, Chief of Police, Worcester, Massachusetts, in his official and individual capacities; DANIELLE PIRES, in her official and individual capacities; SEAN BAXTER, in his official and individual capacities; DEBRA SIMON, in her official and individual capacities; JOHN DOE, in his official and individual capacities; and JOHN DOE II, in his official and individual capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON**
**DEFENDANT DANIELLE PIRES'S PARTIAL MOTION TO DISMISS**

**SAYLOR, J.**

This is a civil rights case against several police officers and the City of Worcester arising out of a search of an apartment and three subsequent arrests. On January 19, 2007, defendant Danielle Pires, a state police officer, drove to plaintiff Tanika Fontanez's apartment building, then radioed for back-up from other police officers. In her dispatch, Pires reported that she had been attacked by Fontanez and the other two plaintiffs in this case, Jarmil Tharpe and Kaamil Jenkins. After officers providing back-up arrived at the building, Pires and the other officers conducted a warrantless search of the apartment. Fontanez, Tharpe, and Jenkins were arrested and charged

with assault and battery on a police officer, and Tharpe and Jenkins were charged with carjacking for an incident that had allegedly occurred earlier in the day. The Commonwealth later dismissed these criminal charges.

Fontanez, Tharpe, and Jenkins have now brought this action against Pires, the other police officers involved, and the City of Worcester, with a complaint asserting 30 separate counts of constitutional and state-law claims. Pires has moved to dismiss eight counts—including counts alleging larceny, breaking and entering, malicious destruction of property, and wanton destruction of property—for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the motion will be granted.

## I.     Background

For the purposes of deciding the motion, the Court accepts as true all well-pleaded facts in the plaintiffs' complaint.

Tanika Fontanez is a resident of Worcester, Massachusetts. Danielle Pires is an officer with the Massachusetts State Police. Fontanez and Pires had been acquainted for some time before the incident giving rise to this case; among other things, the father of Fontanez's two children, who has since passed away, was also involved in a romantic relationship with Pires's daughter. According to the complaint, Fontanez and Pires had a historically "acrimonious relationship" that included unwanted on-line communications and contact. (Compl. at ¶¶ 10, 15-17).

On the afternoon of January 19, 2007, Pires drove her police cruiser to Fontanez's apartment building, where she encountered Fontanez and Jarmil Tharpe. Pires chased Fontanez and Tharpe into the stairwell of the building. At some point, Kaamil Jenkins arrived at the scene.

Pires radioed to the Worcester Police Department that Fontanez, Tharpe, and Jenkins had attacked her, and that Tharpe and Jenkins had carjacked Pires's daughter earlier in the day. Pires's dispatch to the Worcester Police described Fontanez, Tharpe, and Jenkins as unarmed.

Several Worcester police officers responded to Pires's dispatch, including defendants Sean Baxter, Debra Simon, and the unnamed John Doe officers. Baxter, Pires, and other officers kicked in the door to Fontanez's apartment and conducted a search of the premises. According to the complaint, in the process, the officers destroyed personal property in the apartment and several items in the apartment went missing.[1] The officers searching the apartment did not have a search warrant.

After the search, Fontanez, Tharpe, and Jenkins were arrested. All three were charged with assault and battery on a police officer. Tharpe and Jenkins were also charged with carjacking, based on Pires's earlier allegations.

After an investigation, the Commonwealth dismissed all of the charges. An additional assault and battery charge against Jenkins was not dismissed, as he had admitted to slapping Pires's daughter earlier in the day.

The complaint alleges (1) claims against the officers and the City of Worcester under 42 U.S.C. § 1983, asserting violations of the Fourth and Fourteenth Amendment protections against unreasonable search and seizure without probable cause and excessive force, and the Fourteenth Amendment protections against deprivation of property and liberty without due process of law; (2) claims against the officers and the Worcester chief of police under the Massachusetts Civil

---

[1] The complaint alleges that property was "ransacked" and "thrown in the toilet," and that photographs were ripped in half. (Compl. at ¶¶ 27, 28). It further alleges that photo albums and an iPod portable media player were taken from the apartment. (*Id.* at ¶ 29).

Rights Act, Mass. Gen. Laws ch. 12, § 11I; (3) claims against Pires and other officers for assault, conversion, malicious prosecution, abuse of process, and intentional infliction of emotional distress; and (4) claims by Fontanez and Tharpe against Pires and other officers for breaking and entering, larceny, wanton destruction of property, and malicious destruction of property.

## II.  Standard of Review

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

## III.  Analysis

Defendant Pires has moved to dismiss the counts alleging claims for larceny, breaking and entering, malicious destruction of property, and wanton destruction of property. Pires contends that these counts assert crimes, not civil causes of action, and should be dismissed. The Court

agrees.

### A.     Counts 24 and 25:  Larceny

Plaintiffs do not dispute that the counts alleging larceny should be dismissed.  Plaintiffs concede that the analogous civil cause of action for the crime of larceny under Mass. Gen. Laws ch. 266, § 30 is the tort of conversion.  Because plaintiffs have asserted claims of conversion against Pires in Counts 5 and 6, they agree that the larceny claims are duplicative.  Counts 24 and 25 will therefore be dismissed.

### B.     Counts 1, 2, 7, 8, 26, and 27:  Breaking and Entering and Wanton/Malicious Destruction of Property

Breaking and entering and malicious and/or wanton destruction of property are crimes under Massachusetts law.  *See* Mass. Gen. Laws ch. 266, §§ 18, 127.  Plaintiffs argue that, despite the fact that the complaint styles these as criminal claims, the facts alleged make out tort claims.  Plaintiffs contend that the claim for breaking and entering is actually a claim for trespass, and do not attempt to recharacterize the claim for wanton and malicious destruction of property.[2]

It is clear that a plaintiff may not assert criminal claims against a defendant in a civil action.  No set of facts pleaded would entitle a civil plaintiff to relief for alleged violations of criminal laws.  Accordingly, the claims for breaking and entering and malicious and/or wanton destruction of property are not plausible on their face.  *See Twombly*, 550 U.S. at 570.

To the extent that the plaintiffs are asking the Court to convert their criminal claims into

---

[2] Although plaintiffs do not specify which cause of action should supplant the malicious and/or wanton destruction of property claims, the analogous torts appear to be conversion or trespass to chattels.  *See Richardson v. Northeast Hosp. Corp.*, 2008 WL 834447, at *1 n.6 (Mass. App. Ct. Mar. 28, 2008) (noting that plaintiff's claim for malicious destruction of property was a criminal claim, argued as a conversion claim at trial, but should have been pleaded as a trespass to chattels claim).  Here, plaintiffs have already brought claims of conversion against defendant Pires.

properly pleaded tort claims, the Court will decline to do so.  Plaintiffs are represented by counsel and can fashion their own theory of the case.  If plaintiffs wish to bring a claim for trespass or any other tort, the proper procedural approach is to move to amend the complaint.

In summary, the counts asserting claims under criminal statutes fail to state claims upon which relief can be granted and will be dismissed.

### **IV.     Conclusion**

For the foregoing reasons, the motion of defendant Danielle Pires to dismiss certain counts is GRANTED.  Counts 1, 2, 7, 8, 24, 25, 26, and 27 are DISMISSED as to defendant Pires.

**So Ordered.**

    /s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: October 15, 2010                                             United States District Judge